UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHDI ROKHFIROOZ,<br><br>                    Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                    Respondents. | Case No.: 25-cv-2053-RSH-VET<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Mehdi Rokhfirooz seeks habeas relief from this Court pursuant to 28 U.S.C. § 2241. The Parties have briefed the merits, and the Court held a hearing on September 3, 2025. ECF Nos. 1, 5, 6, 7. As set forth below, the Court grants the petition.

## I. BACKGROUND

On August 11, 2025, Petitioner initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The Petition states that Petitioner, a citizen of Iran, is detained by U.S. Customs and Immigration Enforcement ("ICE") at the Otay Mesa Detention Center in San Diego, California. *Id.* ¶¶ 11, 12. Petitioner names as respondents the warden of the detention center, the Acting Director of ICE's San Diego Field Office for Enforcement and Removal Operations, the Acting Director of ICE, the

1  Secretary of the U.S. Department of Homeland Security ("DHS"), and the Attorney
2  General of the United States. *Id.* ¶¶ 13-17. In short, Petitioner challenges the lawfulness of
3  his detention following the decision by ICE to revoke his supervision.

4        The Petition alleges that Petitioner was originally placed in removal proceedings in
5  December 2003. *Id.* ¶ 23. On June 17, 2004, an Immigration Judge entered a removal order
6  against Petitioner, but granted him withholding of removal to Iran under the Immigration
7  and Nationality Act as well as the Convention Against Torture. *Id.* ¶ 25. Shortly thereafter,
8  Petitioner was released from ICE custody. *Id.* ¶ 26. On October 17, 2005, ICE issued to
9  Petitioner an Order of Supervision. *Id.*

10        Petitioner was arrested by law enforcement in January 2011 and again in December
11  2012. On the first occasion, he was arrested by San Diego police, but released to
12  immigration custody without charges, and ICE in turn released him on his existing Order
13  of Supervision. *Id.* ¶ 27. On the second occasion, he was arrested by federal law
14  enforcement, but charges were dropped, and ICE issued him a new Order of Supervision.
15  *Id.* ¶ 28.

16        On June 23, 2025, ICE officers arrested Petitioner at his residence. *Id.* ¶ 30. The
17  arrest was made pursuant to a warrant issued by DHS. ECF No. 5-2 at 4. The report (on
18  DHS Form I-213) documenting Petitioner's arrest states that an arresting officer "informed
19  him [of] the status of his case and [that] we were taking him into custody for review of
20  removal and further withholding determination." ECF No. 5-2 at 2.

21        Over the course of July and early August, Petitioner's counsel communicated by
22  email and telephone with an ICE Deportation Officer about ICE efforts to obtain
23  authorization from countries other than Iran in order to effectuate Petitioner's removal.
24  ECF No. 1 ¶¶ 37-40.

25        On August 15, 2025, fifty-three days after Petitioner was arrested and four days after
26  the filing of this lawsuit, another ICE Deportation Officer served Petitioner with a "Notice
27  of Revocation of Release." ECF No. 5-2 at 6. The notice stated, in relevant part:
28            This letter is to inform you that your order of supervision has been

> revoked, and you will be detained in the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your alien file and a determination there are changed circumstances in your case.
>
> ICE has determined that you can be expeditiously removed from the United States pursuant to the outstanding order of removal against you. On June 17, 2004, you were ordered removed to Iran by an authorized U.S. DHS/DOJ official and you were granted a withholding of removal to Iran. Your case is under current review for removal to an alternate country.
>
> Based on the above, and pursuant to 8 C.F.R. § 241.4 / 8 C.F.R. § 241.13, you are to remain in ICE custody at this time. You will promptly be afforded an informal interview at which you will be given an opportunity to respond to the reasons for the revocation. You may submit any evidence or information you wish to be reviewed in support of your release. If you are not released after the informal interview, you will receive notification of a new review, which will occur within approximately three months of the date of this notice.

*Id.* The notice was signed by the Deportation Officer who served the document. Petitioner remains in ICE custody.

Petitioner challenges the lawfulness of his detention under the applicable DHS regulations and the due process clause.

## II.     LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A prisoner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). *See also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("[T]he burden of proof under § 2241 is on the prisoner ….").

## III.     ANALYSIS

The detention and release of noncitizens who are subject to a final order of removal is addressed by 8 U.S.C. § 1231. Under that statute, "when an alien is ordered removed,

the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). "If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3).

Respondents contend that Petitioner's release was lawfully revoked under 8 C.F.R. § 241.13. That section addresses "special review procedures" that apply where, among other conditions, an "alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." 8 C.F.R. § 241.13(a). Respondents assert that DHS had previously determined, in issuing Orders of Supervision to Petitioner years ago, that at those points in time there was no significant likelihood of his removal in the reasonably foreseeable future.

Respondents rely for revocation authority on Section 241.13(i)(2), which provides: "The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." The regulation provides the following procedures:

> (3) Revocation procedures. Upon revocation, the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. The alien may submit any evidence or information that he or she believes shows there is no significant likelihood he or she be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision. The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release.

8 C.F.R. § 241.13(i)(3). Petitioner contends that DHS failed to comply with these requirements in his case, in that, quoting the language of the regulation: (1) DHS failed to

appropriately "determine[] that there is a significant likelihood that [Petitioner] may be removed in the reasonably foreseeable future"; (2) Petitioner was not "notified of the reasons for revocation of his … release" "[u]pon revocation"; and (3) DHS did not "conduct an initial informal interview promptly after his … return to … custody to afford [him] an opportunity to respond to the reasons for revocation in the notification." Petitioner also challenges his detention as inconsistent with due process.

   The Court begins with the first of these three contentions that DHS failed to follow the applicable regulation. At the hearing, counsel for Respondents was unaware of any documented determination, made prior to Petitioner's arrest, that his release should be revoked. The arrest warrant, issued on DHS Form I-200, merely recites that there is probable cause to believe that Petitioner is "removable from the United States," that is, subject to removal, which would be accurate whether or not Petitioner's release was revoked.

   Indeed, no record constitutes a determination even after Petitioner's arrest that there is a significant likelihood that Petitioner can be removed in the reasonably foreseeable future. First, the Form I-213 documenting Petitioner's arrest does not describe such a determination having been made at any point in time, and reflects that Petitioner was only told at the time of his arrest that he was being taken into custody "for review of removal and further withholding determination." ECF No. 5-2 at 2. Second, a Form I-286 Notice of Custody Determination, bearing a time of day *after* Petitioner's arrest, simply recited that a DHS officer had "determined that, pending a final administrative determination in your case, you will be … Detained by the Department of Homeland Security." *Id.* at 5. Third, the "Notice of Revocation of Release," issued by DHS after this lawsuit was filed, recited "a determination that there are changed circumstances in your case," and that "[y]our case is under current review for removal to an alternate country." *Id.* at 6. None of these documents purports to reflect a determination by DHS that there is a significant likelihood that Petitioner can be removed from the United States in the reasonably foreseeable future, the standard under 8 C.F.R. § 241.13(i)(3), much less states the reasons for such a

1 determination.

2 In connection with defending this lawsuit, Respondents prepared and filed a
3 declaration from a Supervisory Detention and Deportation Officer assigned to the detention
4 center where Petitioner is housed. ECF No. 5-1. This officer's name does not appear in any
5 of the other records Respondents have submitted. Her declaration appears to summarize
6 records from Petitioner's A-file regarding Petitioner's immigration history going back to
7 2003. Additionally, the declaration states as follows:

> 15. On June 23, 2025 [ICE Enforcement and Removal Operations] determined that there is a significant likelihood of removal and resettlement in a third country in the reasonably foreseeable future and re-detained Petitioner to execute his warrant of removal.
>
> ….
>
> 17. On August 21, 2025, after further consideration, ERO Headquarters, Removal and International Operations (RIO), determined that Petitioner should remain in ICE custody, because resettlement in a third country remained likely in the foreseeable future.

ECF No. 5-1 ¶¶ 15-17. At the hearing, the Court observed that the declaration, although it contained a blanket assertion of personal knowledge, appeared to be summarizing other material that the declarant reviewed but did not identify. The Court remarked that it should be considering any underlying documentation rather than the declarant's characterization of such documentation. The Court also noted an ambiguity in Paragraph 15 as to whether the determination described therein had been made before or after Petitioner's arrest (which, according to the Form I-213, occurred in the late morning on June 23). The Court gave Respondents one week to submit any additional underlying documentation. Respondents did not thereafter submit any such documentation or request additional time to do so. Under these circumstances, in the absence of evidence supporting Paragraphs 15 and 17 of the declaration—and in the absence of an otherwise adequate foundation for the statements—the Court declines to rely on them.

The Court concludes that DHS failed to comply with the requirement of Section

1  241.13(i)(2) that, in order to revoke Petitioner's release, DHS determine on account of
2  changed circumstances that "there is a significant likelihood that the alien may be removed
3  in the reasonably foreseeable future." Apart from the statements in the declaration that are
4  lacking in foundation, there is no evidence that DHS has made such a determination as to
5  the revocation of Petitioner's release even after the fact of arrest, up to the present day.

6  Because DHS failed to make the determination required by Section 241.13(i)(2) for
7  revoking Petitioner's release, the Court has no occasion to address the adequacy of the
8  reasons stated for such a determination. The Court cannot conclude that Petitioner was
9  "[u]pon revocation" duly notified of those reasons, or that DHS "conduct[ed] an initial
10 informal interview promptly … to afford [Petitioner] an opportunity to respond to the
11 reasons for revocation in the notification," as required by Section 241.13(i)(3).

12 Government agencies are required to follow their own regulations. *United States ex
13 rel. Accordi v. Shaughnessy*, 347 US. 260, 268 (1954); *Nat'l Ass'n of Home Builders v.
14 Norton*, 340 F.3d 835, 852 (9th Cir. 2003). Courts have determined that where ICE fails to
15 follow its own regulations in revoking release, the detention is unlawful and the petitioner's
16 release must be ordered. *See, e.g.*, *Orellana v. Baker*, No. 25-1788-TDC, 2025 WL
17 2444087, at *25-26 (D. Md. Aug. 25, 2025); *M.S.L. v. Bostock*, No. 6:25-cv-1204-AA,
18 2025 WL 2430267, at *10 (D. Or. Aug. 21, 2025); *Ceesay v. Kurzdorfer*, 781 F. Supp. 3d
19 137, 163 (W.D.N.Y. 2025); *Rombot v. Souza*, 296 F. Supp. 3d 383, 387 (D. Mass. 2017).
20 This Court reaches the same conclusion.

21 In light of the disposition herein, the Court declines to address the remaining grounds
22 in the Petition for seeking release.
23 \\
24 \\
25 \\
26 \\
27 \\
28 \\

## IV. CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Respondent is ordered to immediately release Petitioner from custody, subject to the conditions of his preexisting Order of Supervision.

**IT IS SO ORDERED.**

Dated: September 15, 2025

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge